**Intelligent Legal Solutions, P.C**.
Eric M. Nixdorf, Esq.  (SB# 172286)
2010 Crow Canyon Place, Suite 100
San Ramon, CA  94583
Telephone  (925) 824-3190
Fax: (925) 236-2672

Attorneys for Debtors
Michael Howard Lilligh and Stefanie Judith Lilligh

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MICHAEL HOWARD LILLIGH AND STEFANIE JUDITH LILLIGH, <br><br> , <br><br> Debtors. | ) Case No.:  12-48816-RLE13 <br> ) <br> ) CHAPTER 13 <br> ) <br> ) MOTION TO VALUE REAL PROPERTY <br> ) COLLATERAL OF THE <br> ) INTERNAL REVENUE SERVICE <br> ) <br> ) PROPERTY ADDRESS: <br> ) 4444 PRONGHORN CT, <br> ) ANTIOCH, CA  94509 <br> ) |

The Debtors, Michael Howard Lilligh and Stefanie Judith Lilligh, by and through their attorney of record, now move for an order from this Court valuing the real property secured by the tax lien of the Internal Revenue Service, (the "Lienholder") at $0.00 as to the Debtors' real property located at: 4444 Pronghorn Court, Antioch,  CA  94509 (the "Real Property").  As grounds for this motion, the Debtors allege the following as set forth in the accompanying Declaration of Debtors in Support of their Motions Valuing the Collateral of the Internal Revenue Service and California Franchise Tax Board and Objections to the claims of the Internal Revenue Service and California Franchise Tax Board.

1. As the owners of residential real property in Antioch, California, the Debtors, at all relevant times, were and remain familiar with the prices at which homes were sold near their property located at: 4444 Pronghorn Court, Antioch,  CA  94509, Parcel #: 055-140-040-1.

2. As its owners, the Debtors are qualified to assess the value of their property located at: 4444 Pronghorn Court, Antioch, CA  94509, and incorporated herein by reference (the "Property").

3. Based upon a review of the properties selling and sold in the vicinity of the Property, the Debtors are of the opinion and contend that the value of the property was $230,000 as of the petition date as set forth in the Declaration of Debtors filed with this motion.

4. On the Petition Date, there was a senior mortgage lien against the property in favor of Wells Fargo Bank, N.A. in the approximate amount of $241,617.83 as set forth in the Declaration of Debtors filed with this motion.

6. On the Petition date there was a junior tax lien in favor of the Internal Revenue Service in the approximate amount of $33,939.22 as set for in the Declaration of Debtors filed with this motion.

7. Because the value of the Property was less than the amount of the Senior Lien, the value of the collateral securing the tax lien of the Internal Revenue Service as of the Petition Date was $0.00.

**Law and Argument**

Rule 3013 of the Federal Rules of Bankruptcy Procedure allows for a debtor to make a motion for an order "determin[ing] the value of a claim secured by a lien on property in which the estate has an interest." The court may make the determination after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." Statutory tax liens can be valued based on the fair market value of the collateral less the value of senior liens. *In Re Taffi*, 96 F.3d 1190 (9th Cir. 1996).

In this case, the Debtors seeks to modify the rights held by the IRS Lienholder which holds such a wholly unsecured junior lien as to the real estate and requests the Court to determine the value of the collateral for the lien and the secured status of the Lienholder's claim pursuant to Section 506(a). Section 506(a) provides that such "value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." In this case, the Debtors intend to retain the real property, avoid the IRS's lien as to this real property, and treat the IRS's claim under their Chapter 13 plan as to the real property as a wholly unsecured claim which is allowed if the value of the Property is determined to equal or less

than the amount owed to any holders of liens against the Property which are senior to the IRS's lien.

In this case, the Debtors have asserted that the value of the property was $230,000 on the Petition Date and that the property was subject to a Senior Lien in the approximate amount of $241,617.83. If it is determined that the value of the Property is worth less than the amount of the Senior Lien, the Debtors are entitled to a finding by this Court that the value of the tax lien of the Internal Revenue Service is $0.00.

**Prayer**

For the foregoing reasons, the Debtors pray for the following order from this Court:

(1) For purposes of the debtor's chapter 13 plan only, the real estate collateral for the IRS lien is valued at $0, the Lien of the IRS is valued at zero, the Internal Revenue Service does not have a secured claim as to this real estate, and the Tax Lien as to this real estate may not be enforced, pursuant to 11 U.S.C. [§§ 506, 1123(b)(5) and 1141 / §§ 506, 1322 (b)(2) and 1327].

(2) This order shall become part of the debtor's confirmed chapter 13 plan.

(3) Upon entry of a discharge or completion of plan payments in the Debtors' chapter 13 case, the Lien shall be void and unenforceable for all purposes as to the real estate, and upon application by the Debtors, the court will enter an appropriate form of Final Order on Motion to Value Collateral.

(4) If the Debtors' chapter 13 case is dismissed or converted to one under another chapter before the Debtors obtain a discharge or completes plan payments, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien.

Respectfully Submitted,

Dated: August 31, 2017        /s/ Eric M. Nixdorf
                              Eric M. Nixdorf
                              Intelligent Legal Solutions, P.C.
                              Attorneys for Debtors