**Intelligent Legal Solutions, P.C**.
Eric M. Nixdorf, Esq.  (SB# 172286)
2010 Crow Canyon Place, Suite 100
San Ramon, CA  94583
Telephone  (925) 824-3190
Fax: (925) 236-2672

Attorneys for Debtors
Michael Howard Lilligh and Stefanie Judith Lilligh

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MICHAEL HOWARD LILLIGH AND STEFANIE JUDITH LILLIGH,<br><br>,<br><br>  Debtors. | Case No.: 12-48816-RLE13<br>CHAPTER 13<br>MOTION TO VALUE PERSONAL PROPERTY COLLATERAL OF THE CALIFORNIA FRANCHISE TAX BOARD |

The Debtors, Michael Howard Lilligh and Stefanie Judith Lilligh, by and through their attorney of record, now move for an order from this Court valuing the personal property of the Debtors listed in the Schedule B filed in this case (except for their interest in the Debtors' 401k plan) secured by the tax lien of the California Franchise Tax Board, (the "Lienholder") at $0.  As grounds for this motion, the Debtors allege the following as set forth in the accompanying Declaration of Debtors in Support of their Motions Valuing the Collateral of the Internal Revenue Service and California Franchise Tax Board and Objections to the claims of the Internal Revenue Service and California Franchise Tax Board.

1. As the owners of the personal property listed in the Schedule B filed by the Debtors in this case, the Debtors, at all relevant times, were and remain familiar with the value of this personal property.

2. As its owners, the Debtors were and are qualified to assess the value of their personal property.

3. The Debtors are of the opinion and contend that the combined value of all of their personal property listed on the Schedule B filed in this case, except for the value of their interest in the

Debtor's 401k plan was $23,870, as of the petition date, as set forth in the Declaration of Debtors filed with this motion.

4. On the Petition date there was a senior tax lien securing this personal property in favor of the Internal Revenue Service in the approximate amount of $33,939.22 as set for in the Declaration of Debtors filed with this motion.

5. On the Petition date there was a junior tax lien in favor of the California Franchise Tax Board in the approximate amount of $16,113.56 as set for in the Declaration of Debtors filed with this motion.

6. Because the value of the Personal Property was less than the amount of the senior tax lien securing this property, the value of the California Franchise Tax Board tax lien as to this collateral as of the Petition Date was $0.

## Law and Argument

Rule 3013 of the Federal Rules of Bankruptcy Procedure allows for a debtor to make a motion for an order "determin[ing] the value of a claim secured by a lien on property in which the estate has an interest." The court may make the determination after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." Statutory tax liens can be valued based on the fair market value of the collateral less the value of senior liens. *In Re Taffi*, 96 F.3d 1190 (9th Cir. 1996).

In this case, the Debtors seeks to modify the rights held by the California Franchise Tax Board Lienholder which holds such statutory tax lien as to their personal property and requests the Court to determine the value of the collateral for the lien and the secured status of the Lienholder's claim pursuant to Section 506(a). Section 506(a) provides that such "value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." In this case, the Debtors intend to retain the personal property, avoid the California Franchise Tax Board's lien as to this property through their plan, and treat the California Franchise Tax Board's claim under their Chapter 13 plan as to this property as an unsecured claim.

In this case, the Debtors have asserted that the combined value of their personal property (not including the value of their interest in the Debtor's 401k plan) was $23,870 on the Petition Date and that the value of the senior IRS tax lien exceeded this value. If it is determined that the value of this personal property was worth less than the value of the Senior IRS lien, the Debtors are entitled to a finding by this Court that the value of the tax lien of the California Franchise Tax Board as to this property is $0.

**Prayer**

For the foregoing reasons, the Debtors pray for the following order from this Court:

(1) For purposes of the debtor's chapter 13 plan only, the personal property collateral (not including the value of the Debtor's interest in his 401k plan) for the California Franchise Tax Board lien is valued at $0, the Lien of the California Franchise Tax Board as to this personal property is valued at $0, the California Franchise Tax Board does not have a secured claim as to this personal property, and the Tax Lien as to this personal property may not be enforced, pursuant to 11 U.S.C. [§§ 506, 1123(b)(5) and 1141 / §§ 506, 1322 (b)(2) and 1327]. (2) This order shall become part of the debtor's confirmed chapter 13 plan.

(3) Upon entry of a discharge or completion of plan payments in the Debtors' chapter 13 case, the Lien shall be void and unenforceable for all purposes as to the Debtors' personal property (not including the Debtors' interest in the Debtor's 401k plan), and upon application by the Debtors, the court will enter an appropriate form of Final Order on Motion to Value Collateral.

(4) If the Debtors' chapter 13 case is dismissed or converted to one under another chapter before the Debtors obtain a discharge or completes plan payments, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien.

Respectfully Submitted,

Dated: August 31, 2017 /s/ Eric M. Nixdorf
Eric M. Nixdorf
Intelligent Legal Solutions, P.C.
Attorneys for Debtors