**Intelligent Legal Solutions, P.C**.
Eric M. Nixdorf, Esq. (SB# 172286)
2010 Crow Canyon Place, Suite 100
San Ramon, CA 94583
Telephone (925) 824-3190
Fax: (925) 236-2672

Attorneys for Debtors
Michael Howard Lilligh and Stefanie Judith Lilligh

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MICHAEL HOWARD LILLIGH AND STEFANIE JUDITH LILLIGH, <br><br> , <br><br> Debtors. | ) Case No.: 12-48816-RLE13 <br> ) <br> ) CHAPTER 13 <br> ) <br> ) DEBTORS' OBJECTION TO CLAIM 2-1 OF <br> ) THE INTERNAL REVENUE SERVICE <br> ) <br> ) <br> ) |

The Debtors, Michael Howard Lilligh and Stefanie Judith Lilligh, by and through their attorney of record, hereby object to claim 2-1 of the Internal Revenue Service, a copy of which is attached as Exhibit A of this Objection, and move for an order from this Court sustaining this objection and allowing the Claim as a secured claim in the amount of $23,870, and as an unsecured, non-priority claim in the amount of $13,637.42, on the following grounds:

A. As set forth in the DECLARATION OF DEBTORS IN SUPPORT OF DEBTORS' MOTION TO VALUE REAL PROPERTY COLLATERAL OF THE INTERNAL REVENUE SERVICE, MOTION TO VALUE PERSONAL PROPERTY COLLATERAL OF THE INTERNAL REVENUE SERVICE, MOTION TO VALUE REAL PROPERTY COLLATERAL OF THE FRANCHISE TAX BOARD, MOTION TO VALUE PERSONAL PROPERTY COLLATERAL OF THE FRANCHISE TAX BOARD, OBJECTION TO CLAIM OF THE INTERNAL REVENUE SERVICE AND OBJECTION TO CLAIM OF THE CALIFORNIA FRANCHISE TAX BOARD (hereafter "Declaration"), filed in support of this Objection, the value of all of the

real and personal assets secured by the IRS lien (except for the Debtors' interest in the Debtor's 401k plan) after taking into account any senior liens is $23,870.

B. As set forth in the Declaration, the 401k plan at issue was not in pay off status at the time the petition was filed and said plan included the anti-alienation provision required under ERISA. As such, pursuant to *United States Internal Revenue Service v. Donald Snyder*, 343 F.3d 1171 (9th Cir. 2003), the anti-alienation provision which prevented the debtor's interest in the pension plan from becoming property of the estate under section 541(c)(2) also prevents the Service from having a secured claim under section 506(a). United States v. Snyder, 343 F.3d 1171, 1179 (9th Cir. 2003). As such, the value of the tax lien of the IRS and therefore its secured claim is limited to the value of the other collateral (i.e. $23,870).

C. As set forth in the Declaration, the unsecured portion of the claim of the Internal Revenue Service is not entitled to priority status, since: i) the income taxes for which the claim is based first came due more than three years before the bankruptcy was filed and were assessed more than 240 days before the bankruptcy petition was filed; ii) the income tax returns upon which the income taxes are based were filed more than two years before the bankruptcy petition was filed and before any substitute for returns were filed by the Internal Revenue Service; and, iii) there was no fraud or tax evasion committed by the Debtors with respect to the tax return at issue or income taxes owed.

Based on the above, the Debtors pray that the Court SUSTAIN their objection to claim 2-1 of the Internal Revenue Service and allow the claim as a secured claim in the amount of $23,870 and an unsecured, non-priority claim in the amount of $13,637.42.

Respectfully Submitted,

Dated: August 31, 2017               /s/ Eric M. Nixdorf
                                     Eric M. Nixdorf
                                     Intelligent Legal Solutions, P.C.
                                     Attorneys for Debtors