**Intelligent Legal Solutions, P.C**.
Eric M. Nixdorf, Esq. (SB# 172286)
2010 Crow Canyon Place, Suite 100
San Ramon, CA 94583
Telephone (925) 824-3190
Fax: (925) 236-2672

Attorneys for Debtors
Michael Howard Lilligh and Stefanie Judith Lilligh

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MICHAEL HOWARD LILLIGH AND STEFANIE JUDITH LILLIGH, <br><br>  Debtors. | ) Case No.: 12-48816-RLE13 <br> ) CHAPTER 13 <br> ) DECLARATION OF DEBTORS IN SUPPORT OF DEBTORS' MOTION TO VALUE REAL PROPERTY COLLATERAL OF THE INTERNAL REVENUE SERVICE, MOTION TO VALUE PERSONAL PROPERTY COLLATERAL OF THE INTERNAL REVENUE SERVICE, MOTION TO VALUE REAL PROPERTY COLLATERAL OF THE FRANCHISE TAX BOARD, MOTION TO VALUE PERSONAL PROPERTY COLLATERAL OF THE FRANCHISE TAX BOARD, OBJECTION TO CLAIM 2-1 OF THE INTERNAL REVENUE SERVICE AND OBJECTION TO CLAIM 5-1 OF THE CALIFORNIA FRANCHISE TAX BOARD |

We, Michael Howard Lilligh and Stefanie Judith Lilligh, declare that:

1.    We are over the age of eighteen (18) and are the Debtors in the above captioned case.

2.    The above case was filed on October 30, 2012, and our Chapter 13 plan was confirmed on December 12, 2012.

3.    We are the owners of residential real property in Antioch, California, and at all relevant times, we were and remain familiar with the prices at which homes were sold near our property located at: 4444 Pronghorn Court, Antioch, CA 94509, Parcel #: 055-140-040-1.

4.    As its owners, we contend that at all relevant times we were and are qualified to assess the value of our real property (the "Real Property").

5. Based upon a review of the real properties selling and sold in the vicinity of the Real Property, we are of the opinion and contend that the value of the real property was $230,000 as of the petition date.

6. On the petition date, there was a senior mortgage lien against the property in favor of Wells Fargo Bank, N.A. in the approximate amount of $241,617.83.

7. On the Petition date there were junior tax liens in favor of the Internal Revenue Service and California Franchise Tax Board.

8. Because the value of the Real Property was less than the amount of the Senior Lien, the value of the junior tax liens of the Internal Revenue Service and California Franchise Tax Board were $0.

9. Exhibit A is a true and correct copy of the first 3 pages of the deed of trust, we, upon information and belief, contend is currently held by the senior lienholder, Well Fargo Bank, N.A.

10. Exhibit B is a true and correct copy of an excerpt from the proof of claim filed by Wells Fargo Bank, N.A. in this case which includes a copy of the underlying promissory note.

11. Exhibits C is a true and correct copy of the tax lien recorded by the Internal Revenue Service.

12. Exhibit D is a true and correct copy of the tax lien recorded by the California Franchise Tax Board.

13. All of the personal property we owned on the petition date has been listed on Schedule B of our bankruptcy petition, a true and correct copy of which is attached as Exhibit E.

14. We contend that at all relevant times we were and are qualified to assess the fair market value of this personal property

15. We are of the opinion that the combined fair market value of this personal property, except for the value of our 401k account was $23,870.

16. On the petition date, there was a senior tax lien held by the Internal Revenue Service against our personal property in the approximate face amount of $33,939.22 plus applicable interest (See Exhibit C) as well as a junior tax lien held by the California Franchise Tax Board (See Exhibit D).

17. Based on the $23,870 value of all of our personal property other than our 401k account, the value of the Senior Tax Lien held by the Internal Revenue Service as to all of our personal property

except for our 401k account on the petition date is $23,870 and the value of the junior tax lien held by the California Franchise Tax Board as to this property is $0.

18. The interest identified as a "401k" on our Schedule B, which we valued at $120,000, is an interest in the 401k account of the Debtor connected to his employment with Kinder Morgan.

19. The Debtor's interest in this plan was not in "pay-off" status at the time the petition was filed and the Debtor had no rights to receive payments from it at the time this case was filed.

20. Upon information and belief, this account is an ERISA-qualified pension plan and its terms contain the anti-alienation clause as required pursuant to *26 U.S.C. Section 401(a)(13)(A)* and *29 U.S.C. Section 1056 (d) (1)* which prohibit the transfer or assignment of any benefits payable under the plan prior to the benefits actually being received by the Debtor, his spouse and/or his designated beneficiary who are solely entitled to the benefit under the plan.

21. The federal and state income taxes we owe for tax year 2008 were originally due more than three years prior to the filing date of our bankruptcy petition and were assessed more than 240 days prior to the filing date of our bankruptcy petition.

22. Our 2008 federal and state of California income tax returns were filed more than 2 years before the filing date of our bankruptcy petition and before any type of substitute for return was filed by the IRS or California Franchise Tax Board.

23. We did not commit any type of fraud or the willful evasion of taxes with respect to the 2008 federal and state of California income tax returns we filed or the 2008 federal and state of California income taxes we owe.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Antioch, California on August 31, 2017.

/s/ Michael Howard Lilligh
Michael Howard Lilligh, Debtor

/s/ Stefanie Judith Lilligh
Stefanie Judith Lilligh, Co-Debtor