**Intelligent Legal Solutions, P.C.**
Eric M. Nixdorf, Esq.  (SB# 172286)
2010 Crow Canyon Place, Suite 100
San Ramon, CA  94583
Telephone  (925) 824-3190
Fax: (925) 236-2672

Attorneys for Debtors
Michael Howard Lilligh and
Stefanie Judith Lilligh

**The Relief Sought in the follow order is DENIED. Signed September 24, 2017**

_____
**Roger L. Efremsky**
**U.S. Bankruptcy Judge**

\*\*\* <u>See</u> below for reason

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MICHAEL HOWARD LILLIGH AND STEFANIE JUDITH LILLIGH, <br><br> Debtors. | ) Case No.:  12-48816-RLE13 <br> ) <br> ) CHAPTER 13 <br> ) <br> ) <br> ) ORDER VALUING CERTAIN PERSONAL <br> ) PROPERTY COLLATERAL OF THE <br> ) INTERNAL REVENUE SERVICE UNDER <br> ) § 506 AND FRBP 3012 <br> ) |

On September 1, 2017, the Debtors filed a motion to value the personal property collateral listed on the Schedule B filed in this case of the Internal Revenue Service (hereinafter Lienholder) under § 506 and FRBP 3012 except for the Debtors' interest in their 401k plan  The collateral secures a tax lien against the personal property of the Debtors.

The court finds that notice of the motion upon Lienholder was proper. Lienholder having failed to file timely opposition to the debtor's motion, the court hereby orders as follows.

For purposes of the debtor's chapter 13 plan only, the personal property collateral listed on the Debtors' schedule B, not including the Debtors' interest in their 401k plan, is valued at $23,870, the Lien is valued at $23,870, the Internal Revenue Service only has a secured claim in this property in the amount of $23,870, and the Lien may not be enforced for an amount above $23,870, pursuant to 11 U.S.C. [§§ 506, 1123(b)(5) and 1141 / §§ 506, 1322 (b)(2) and 1327].

This order shall become part of the debtor's confirmed chapter 13 plan.

Upon payment of the secured claim and entry of a discharge or completion of plan payments in the debtor's chapter 13 case, the Lien shall be void and unenforceable for all purposes, and upon application by the debtor, the court will enter an appropriate form of Final Order on Motion to Value Collateral.

If the debtor's chapter 13 case is dismissed or converted to one under another chapter before the debtor obtains a discharge or completes plan payments, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien. Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

**END OF ORDER**

***      The motion seeks to value the property under 11 U.S.C. section 506(a). By its plain language, section 506(a) can only be used to value "the estate's interest in [the] property." Here, the plan that was confirmed in 2012 provided that the property revested with Debtors upon confirmation. Thus, the property is no longer "property of the estate." See In re Jones, 657 F.3rd 921 (9th Cir. 2011). As a result, the property can not currently be valued under section 506(a).

COURT SERVICE LIST