**Intelligent Legal Solutions, P.C**.
Eric M. Nixdorf, Esq.  (SB# 172286)
2010 Crow Canyon Place, Suite 100
San Ramon, CA  94583
Telephone  (925) 824-3190
Fax: (925) 236-2672

Attorneys for Debtors
Michael Howard Lilligh and Stefanie Judith Lilligh

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MICHAEL HOWARD LILLIGH AND STEFANIE JUDITH LILLIGH, , <br><br>Debtors. | ) Case No.:  12-48816-RLE13 <br> ) <br> ) CHAPTER 13 <br> ) <br> ) DEBTORS' OBJECTION TO THE <br> ) ATTORNEYS FEES OF PATRICK L. FORTE, <br> ) ESQ. <br> ) |

   The Debtors, Michael Howard Lilligh and Stefanie Judith Lilligh, by and through their attorney of record, hereby object to the attorney fees charged by Patrick L. Forte, Esq., based on the legal services provided.

   In support of this objection, the Debtors request that the Court take judicial notice of the "Rights and Responsibilities" signed by Mr. Forte filed with the petition, Docket #1, the 2016 Statement filed by Mr. Forte, Docket #3, the Chapter 13 plan filed in this case by Mr. Forte, Docket #2, the substitution of counsel filed March 28, 2013, Docket #5, the notice of plan infeasibility filed by the Chapter 13 Trustee, and the various motions to value collateral of the IRS and California FTB and objections to claims filed by the Debtors after the plan was confirmed.

   As set forth in the above referenced "Rights and Responsibilities" and 2016 statement, Mr. Forte, charged a total of $4,800 in legal fees, $1,500 of which were paid pre-petition.  Based on the accounting statement from the Office of the Chapter 13 Trustee attached as Exhibit A to the Declaration of Eric M. Nixdorf, Esq., Mr. Forte has been paid a total of $101.23 through the plan as is currently still owed $3,198.77.

The Debtors object to the remaining $3,198.77 in attorney fees on the grounds that the services actually provided by Mr. Forte were worth no more than the $1,601.23 he was paid and that the $4,800 the Debtors agreed to pay was based on the assumption that Mr. Forte's would provide the services throughout the entire case including the following specific services in the "Rights and Responsibilities": "6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor, …….. 8. Where appropriate, prepare, file and serve necessary motions to avoid liens on real or personal property. 9. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

In this case, Mr. Forte substituted out of the case on March 28, 2013, five months after the case was filed. The case was confirmed prior to this substitution, but no motions to value the tax liens of the Internal Revenue Service or California Franchise Tax Board or objections to their claims were filed prior to the case being confirmed or Mr. Forte's withdrawal. As a result, the plan which was confirmed was clearly not remotely feasible as set forth in the notice from the Office of the Chapter 13 Trustee. The remaining fees owed to Mr. Forte is part of the reason the Debtors current plan is not feasible.

Based on the above, the Debtors request that the Court issue an order disallowing the remaining $3,198.77 owed to Mr. Forte and incorporate said order into the Debtors' current Chapter 13 Plan.

Respectfully Submitted,

Dated: October 5, 2017         /s/ Eric M. Nixdorf
                               Eric M. Nixdorf
                               Intelligent Legal Solutions, P.C.
                               Attorneys for Debtors